**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHONDEL LAMAR LARKIN,

    Plaintiff - Appellant,

v.

K. THOMAS, Sr., Correctional Lieutenant, sued in official capacity and individual capacity,

    Defendant - Appellee.

No. 14-56213

D.C. No. 2:12-cv-10503-DSF-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted January 20, 2016[**]

Before:  CANBY, TASHIMA, and NGUYEN, Circuit Judges.

  California state prisoner Shondel Lamar Larkin appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

retaliation in violation of the First Amendment. We have jurisdiction under 28

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Larkin's action because Larkin failed to allege facts sufficient to show that defendant's actions did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains . . . . [Courts] should afford appropriate deference and flexibility to prison officials in the evaluation of proffered legitimate penological reasons for the conduct alleged to be retaliatory." (citations and quotations marks omitted)); *see also Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

The district court did not abuse its discretion in denying Larkin leave to amend after providing Larkin with an opportunity to amend and concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans,*

*Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and noting that district court may dismiss without leave to amend when amendment would be futile).

We do not consider Larkin's argument that his due process rights were violated because the operative complaint did not allege a due process claim.

We reject as unsupported by the record Larkin's argument that the district court erroneously denied him discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED**.